# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JORGE LUIS PACHECO                                                             PLAINTIFF

v.                                    CIVIL ACTION NO. 5:14cv88-DCB-MTP

CORRECTIONS CORPORATION OF AMERICA, et al.          DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute his case. Having review the record in this matter, the undersigned recommends that this case be dismissed without prejudice.

## PROCEDURAL HISTORY

Plaintiff's Jorge Luis Pacheco, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on or about September 30, 2014. Plaintiff is not proceeding *in forma pauperis*. *See* Docket Entry dated 11/18/2014. Accordingly, it is his obligation to serve process on the Defendants.

On November 21, 2014, the Clerk of Court sent a Memorandum [9] to Plaintiff advising him that he was responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Clerk enclosed summons forms and provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4, and provided Plaintiff with a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case.

On December 15, 2014, the Clerk issued summons prepared by Plaintiff for Defendants Corrections Corporation of America, Warden Barbara Wagner, Cristina Hall, Marla Farmer, and Hugh H. Arnold. *See* Summons Issued [15]. However, there is no indication that Defendants

1

have been served, as Plaintiff has filed no proof of service pursuant to Rule 4(l). On March 3, 2015, the Court issued an Order and Notice to Plaintiff [14], directing the Plaintiff to effect service upon the Defendants named in the complaint, and file proof thereof, on or before March 18, 2015.[1] In addition, Plaintiff was advised that it was his responsibility to prosecute his case, and that a failure to perfect service and file proof thereof by the deadline could result in the dismissal of this action without prejudice. *See* Order [14] at 2. The March 18, 2015, deadline expired without indication of service upon the Defendants. The Court also notes that Plaintiff failed to request an extension of time to serve process or demonstrate good cause for his delay.

On April 2, 2015, the Court issued an Order to Show Cause [15], directing the Plaintiff to file a written statement setting forth why his case should not be dismissed for failure to timely serve process, or alternatively, to serve the Defendants with the summons and complaint on or before April 23, 2015, and file proof of the same with the Court. This extended deadline has now expired, and Plaintiff has failed to serve the Defendants with process or otherwise respond to the Court's Order [15].

Thus, over six months after this case was filed, Plaintiff has not served process and has not demonstrated good cause to justify further delay. Accordingly, the undersigned recommends that this matter be dismissed without prejudice.

---

[1]Although Plaintiff's Complaint was filed on September 30, 2014, he paid the filing fee in full on November 18, 2014. In an abundance of caution, the Court finds that the 120-day time limitation began to run on November 18, 2014, the date his filing see was paid. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 799 (N.D. Tex. 2005); *Ellis v. Principi*, 223 F.R.D. 446, 447-48 (S.D. Miss. 2004).

**LEGAL ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 41(b),[2] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal. Plaintiff has been advised on multiple occasions of his obligation to serve process and the consequences of his failure to do so. *See* Memorandum [9]; Orders [14] & [15]. He was directed by the Court to effect service upon the Defendants, or provide written notice to the Court showing good cause for his delay. *See* Orders [14] & [15]. Plaintiff has failed to abide by the orders of this Court, as he has not perfected service or otherwise responded to the Court's Order to Show Cause [15].

Additionally, Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice . . . ." Fed. R. Civ P. 4(m).[3] Because Plaintiff has failed to serve process in compliance with Rule 4 despite several notices by

---

[2]"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ."

[3]The Rule also permits the court to extend the time period on a showing of good cause for failure to serve process in a timely manner. Plaintiff has made no such showing.

the court that such failure may result in a dismissal, and has failed to demonstrate good cause to justify further delay,[4] dismissal is appropriate under Federal Rule of Civil Procedure 4(m). *See Hearron v. Nichols*, No. 5:03cv259-DMR-JCS, 2006 WL 1791172, at *1 (S.D. Miss. June 5, 2006) (Report and Recommendation, adopted by Order [51] dated June 27, 2006).

## RECOMMENDATION

As the Plaintiff has failed to timely serve process on the Defendants in this case, the undersigned recommends that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m) and 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 24th day of April, 2015.

---

[4]The Fifth Circuit has held that a *pro se* litigant's ignorance of the rules does not constitute good cause to justify his failure to serve process within 120 days. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

s/ Michael T. Parker
United States Magistrate Judge