IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JORGE LUIS PACHECO                                                          PLAINTIFF

VS.                                          CIVIL ACTION NO: 5:14-cv-88-DCB-MTP

CORRECTIONS CORPORATION OF AMERICA (CCA),
WARDEN BARBARA WAGNER, CRISTINA HALL, MARLA
FARMER, HUGH H. ARNOLD, and JOHN DOES
EMPLOYEES/PERSONNEL                                                       DEFENDANTS

**ORDER ADOPTING IN PART REPORT AND**
**RECOMMENDATION AND REMANDING CASE**

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of April 24, 2015 **[docket entry no. 16]**. Therein, Judge Parker recommends that the case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 41(b). Also pending is Plaintiff's, Jorge Luis Pacheco, Motion for Preliminary Injunction **[docket entry no. 12]**. Having reviewed the Report and Recommendation, the plaintiff's objections thereto, and applicable statutory and case law, the Court finds as follows:

I. Factual and Procedural Background

Plaintiff Jorge Luis Pacheco instituted this civil rights action on October 14, 2014. In his complaint, Pacheco argues claims based on (1) failure to hire qualified medical providers at Adams County Correctional Facility and (2) failure to provide adequate

1

medical care. He is seeking $20,000,000 in damages and appropriate treatment for a medical condition.

Because Pacheco is not proceeding in forma pauperis but is proceeding pro se, the Clerk of Court provided him with summons forms and instructions for the issuance of service of process under Federal Rule of Civil Procedure 4, along with a copy of Rule 4.[1] On December 15, 2014, the Clerk issued summons prepared by Pacheco for all named defendants. Pacheco, however, has never filed a proof of service for any defendant. The Court has already extended the deadline and even ordered Pacheco to file proof of service, but he has failed to do so.

## II. Magistrate Judge's Findings

Judge Parker found that the failure to provide service of process was fatal to Pacheco's case under Rules 4(m) and 41(b). Rule 4(m) provides that a court must dismiss without prejudice an action against a defendant who has not been served within 120 days after the complaint was filed. Fed. R. Civ. P. 4(m). Rule 41(b) provides for dismissal where a plaintiff has failed to prosecute his case or comply with the Rules or a court order. Fed. R. Civ. P. 41(b). A court may <u>sua sponte</u> dismiss an action under Rule 41(b). <u>See</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630 (1962); <u>Larson v. Scott</u>, 157 F.3d 1030, 1031 (5th Cir. 1988).

---

[1] All references in this opinon are to the Federal Rules of Civil Procedure unless otherwise noted.

III. Plaintiff's Objections

Pacheco timely filed his objections to the Report and Recommendation.[2] In his objections, Pacheco urges that the summonses were placed in the prison mailbox for delivery on January 2, 2015. He also attaches pages from his prison mail log. See Objection to Report & Recommendation, ECF No. 17.

"[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 667 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). Meritorious objections mandate a de novo review of the Report and Recommendations. 28 U.S.C. § 636(b)(1) (2009). Merely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive de novo review, however. Those portions of the report not objected to are reviewed only for plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th

---

[2] The docket for this case lists the filing date of the objections as May 14, 2015. The Report and Recommendation was entered on April 24, 2015. Objections to a Report and Recommendation must be filed within fourteen days. 28 U.S.C. § 636(b)(1) (2009); L.U. Civ. R. 72(a)(1)(A). Thus, Pachecho was required to file his objections by May 8, 2015. Under the prison mailbox rule, "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993). According to the certificate of service attached to Pacheco's objections, they were filed on May 2, 2015. Therefore, the Court finds them timely.

Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

Pacheco's objection mandates de novo review. Even upon this less deferential standard of review, however, the Court finds that Pacheco has not met his obligation under the Rules. Rule 4 requires that proof of service be provided to the Court. Fed. R. Civ. P. 4(l)(1). The mere contention that the summonses were mailed is insufficient proof of service. Further, Pacheco has docketed nothing to show that he has effectuated service on any of the named defendants.

### IV. An Answer Was Filed

Despite Pacheco's failure to provide proof of service of process, one named defendant, Corrections Corporation of America ("CCA"), filed an answer to Pacheco's complaint after Judge Parker entered his Report and Recommendation. Because the "[f]ailure to prove service does not affect the validity of service," the Court finds that Pacheco has properly served CCA and the claims against it should not be dismissed. See Fed. R. Civ. P. 4(l)(3); see also City of Clarksdale v. BellSouth Telecomms., Inc., 428 F.3d 206, 214 n.15 (5th Cir. 2005) ("Filing an answer to the complaint without objecting to service of process . . . waive[s] a defendant's right to object to service of process."). In its answer, CCA asserts the defense of insufficient service of process. See Answer 1, ECF No. 18. But in its response to Pacheco's objections, CCA concedes that

its registered agent was served with process and states that it "has no objection to the Report and Recommendation being denied as to CCA." Resp. Opp. ¶ 5, ECF No. 19.

## V. Conclusion

Having conducted a de novo review of the portions of the Report and Recommendations objected to and reviewed the remainder for plain error, the Court is satisfied that Judge Parker has issued a thorough opinion as to the claims against Warden Barbara Wagner, Cristina Hall, Marla Farmer, and Hugh H. Arnold. Pacheco's objections are overruled and these claims dismissed without prejudice. However, the case is remanded to proceed against CCA.

## VI. Order

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendations is hereby ADOPTED IN PART.

FURTHER ORDERED that the Plaintiff's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED.

FURTHER ORDERED that Defendants Warden Barbara Wagner, Cristina Hall, Marla Farmer, and Hugh H. Arnold are DISMISSED WITHOUT PREJUDICE.

FURTHER ORDERED that the case is REMANDED to Judge Parker to proceed against Defendant Corrections Corporation of America (CCA).

SO ORDERED this the 15th day of June 2015.

    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE