IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JORGE LUIS PACHECO                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 5:14cv88-DCB-MTP

CORRECTIONS CORPORATION OF AMERICA                                DEFENDANT

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Motion for Preliminary Injunction [12] filed by the Defendant Jorge Luis Pacheco. The undersigned, having considered the submissions of the parties and the applicable law, recommends that the motion should be denied.

The *pro se* Plaintiff is currently incarcerated at the Adams County Correctional Center ("ACCC"), a federal correctional facility operated by Defendant Corrections Corporation of America ("CCA") under contract with the Federal Bureau of Prisons. Plaintiff filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on or about September 30, 2014, in which he complains that CCA has failed to provide him with adequate medical care.

On February 12, 2015, Plaintiff filed the instant motion, requesting an order from this Court compelling CCA to provide him with medical care for "Treponema Pallidum Bacterium," the bacteria that causes syphilis, until this civil action is decided on its merits. He asserts that he is being denied a spinal tap and proper medication, and generally alleges that irreparable harm would result if his motion is denied. *See* Motion [12]. On July 1, 2015, Defendant CCA filed its Response [23] to the motion, arguing that Plaintiff has failed to meet the requirements necessary for injunctive relief. Finally, on or about July 16, 2015, Plaintiff filed his Reply [24], in which he states that physician in Jackson, Mississippi recently recommended that he receive a spinal tap and additional

1

doses of penicillin.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff's motion does not meet his burden of establishing the four elements required to receive injunctive relief. In regard to Plaintiff's medical claim, he has not established a substantial likelihood of success on the merits. A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). The test for deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, at 837. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A showing of deliberate indifference requires evidence that prison officials "refused to treat [the plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Deliberate indifference is an "extremely high" standard to meet. *Id.*

In this case, Plaintiff concedes, and the medical records he attaches to the motion reflect, that

he has been provided substantial medical care while incarcerated at ACCC. He states that he received care from ACCC staff and a physicians at Natchez Regional Medical Center in connection with his syphilis diagnosis. *See* Motion [12] at 3. Specifically, Plaintiff received CT scans, a rapid plasma reagin, a chest-x-ray, blood tests, urine tests, an injection of antibiotics and several rounds of oral antibiotics. *Id.* at 3-4. He admits that he has experienced some relief from his symptoms. *Id.* at 5.

However, Plaintiff alleges that Defendant CCA was nonetheless deliberately indifferent for failing to provide him the correct dosage of penicillin and a spinal tap test. He alleges that his syphilis is in an advanced stage, and CCA's incorrect treatment of his illness causes him to face an "immediate threat to [his] life." *Id.* To support this assertion, he attaches an affidavit signed by Dr. Alvaro Gongora Valencia, a doctor who practices medicine at a hospital in Tumaco-Narino, Columbia. Dr. Valencia opines "at a distance" that Plaintiff requires a spinal tap. It appears that Dr. Valencia made this recommendation based on Plaintiff's report of his symptoms rather than a physical examination or clinical testing. *See* Affidavit [12-1]. He also alleges, but offers no evidence in support, that a physician at a Jackson hospital also told him that he required a spinal tap and additional medication. He states that he was directed to return to the same physician to receive the spinal tap, but that the appointment was delayed, canceled, and then rescheduled for sometime in July. *See* Reply [24] at 1-2.

As stated above, neither unsuccessful medical treatment nor a prisoner's disagreement with medical treatment establishes deliberate indifference, *Gobert*, 463 F.3d at 346. The Court declines to order injunctive relief based on a general recommendation signed by a foreign physician who has never seen or treated the Plaintiff. Furthermore, the United States Court of Appeals for the Fifth

Circuit has clearly held that a decision to provide additional treatment is a "classic example of a matter for medical judgment" that likewise fails to constitute deliberate indifference. *Id.* The Court also finds that Plaintiff's complaint regarding his delayed, and later canceled, appointment to receive a spinal tap is without merit. In his reply, Plaintiff states that a prison official told him the appointment was rescheduled for sometime in July of this year. *See* Reply [24] at 1. While Plaintiff may doubt that the appointment will come to fruition, he has offered no evidence to contradict the prison official's representation. Furthermore, Plaintiff fails to allege any specific harm from this delay apart from his frustration with ACCC administrators, which falls far short of the deliberate indifference standard. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (holding that delay in medical care only implicates Section 1983 upon a showing that a substantial harm has resulted).

Finally, beyond Plaintiff's general allegations that irreparable harm will result from a denial of the motion, he has submitted no evidence to the Court supporting such an assertion. Preliminary injunctions are designed to preserve the *status quo* prior to the court's consideration of the case on its merits, and are not intended as a substitute for relief on the merits of the case. *See Foreman v. Dallas Cnty.*, Tex., 193 F.3d 314, 323 (5th Cir. 1999), *abrogated on other grounds by Davis v. Abbott*, 781 F.3d 207, 214 (5th Cir. 2015). Accordingly, at this time, Plaintiff has not met his burden of establishing the necessity of injunctive relief.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction [12] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after

being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS, the 20th day of July, 2015.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge