IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JORGE LUIS PACHECO**                                                                  **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO: 5:14-cv-88-DCB-MTP**

**CORRECTIONS CORPORATION OF AMERICA (CCA)**            **DEFENDANT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of July 20, 2015 **[docket entry no. 25]**. Therein, Judge Parker recommends that Plaintiff's, Jorge Luis Pacheco, Motion for Preliminary Injunction **[docket entry no. 12]** be denied. Having reviewed the Report and Recommendation, the plaintiff's objections thereto, and applicable statutory and case law, the Court finds as follows:

Plaintiff Jorge Luis Pacheco instituted this civil rights action on October 14, 2014. In his complaint, Pacheco argues claims based on (1) failure to hire qualified medical providers at Adams County Correctional Facility and (2) failure to provide adequate medical care. On February 12, 2015, Pacheco moved for a preliminary injunction, asserting that the Court should compel further medical care.

Judge Parker found Pacheco had not established a substantial likelihood of success on the merits of his claim. To receive a

preliminary injunction, a party must establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest." Opulent Life Church v. City of Holly Springs, 697 F.3d 279, 288 (5th Cir. 2012). In order to succeed on his claim of a failure to provide adequate medical care, Pacheco must show deliberate indifference on the part of Defendant Corrections Corporation of America ("CCA"). See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The standard is the same whether applied to "prison doctors in their response to the prisoner's needs or [to] prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id., at 104-05. "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

Judge Parker found that Pacheco conceded he had received some medical treatment for his condition already but that Pacheco alleged CCA "was nonetheless deliberately indifferent for failing to provide him the correct dosage of penicillin and a spinal tap test." Report & Recommendations 3. Judge Parker further found that Pacheco's only evidence in support of the necessity of this

additional treatment was: (1) an affidavit signed by a doctor in Colombia who based his recommendation on Pacheco's "report of his symptoms rather than a physical examination or clinical testing" and (2) an unsupported allegation that "a physician at a Jackson hospital also told him that he required a spinal tap and additional medication." Report & Recommendation 3. Judge Parker further found that the requested spinal tap had been scheduled but then delayed.

Pacheco timely filed his objections to the Report and Recommendation. CCA did not respond to the objections or inform the Court that it would not respond, as required by Uniform Local Civil Rule 72(a)(3). In his objections, Pacheco argues that he has established the four elements necessary to receive a preliminary injunction. See Objection to Report & Recommendation, ECF No. 30.

"[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 667 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). Meritorious objections mandate a de novo review of the Report and Recommendations. 28 U.S.C. § 636(b)(1) (2009). Merely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive de novo review, however. Those portions of the report not objected to are reviewed only for plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

Pacheco's objection mandates de novo review. Judge Parker's recommendation emphasized the fact that the only recommendation Pacheco had supported was "a general objection signed by a foreign physician who has never seen or treated" Pacheco. Report & Recommendation 3. Pacheco attached to his objections the recommendation of the previously alluded to doctor at a Jackson hospital. See Objections Ex. 1, ECF No. 30-1.

As to the dosage amount of penicillin, the Fifth Circuit has stated "the decision whether to provide additional treatment is a classic example of a matter for medical judgment." Gobert, 463 F.3d at 346 (internal quotation marks omitted). And "a prisoner's disagreement with his medical treatment, absent exceptional circumstances[,]" "do[es] not constitute deliberate indifference." Id. Pacheco has not yet shown the existence of any exceptional circumstance.

As to the rescheduled spinal tap, "[t]he mere delay of medical care can constitute an Eighth Amendment violation but only if there has been deliberate indifference that results in substantial harm." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks omitted). "[S]evere pain caused by the refusal to immediately treat pain" can satisfy the substantial harm requirement. Williams v. Certain Individual Emps. of Tex. Dep't of

Criminal Justice-Institutional Div. at the Jester III Unit, 480 F. App'x 251, 257 (5th Cir. 2010) (per curiam) (citing Harris v. Hegmann, 198 F.3d 153, 159-60 (5th Cir. 1999)). But Pacheco has not shown the necessary substantial harm caused by a delay in treatment to make it appear likely he will succeed on the merits of his claim.

    Having conducted a de novo review of the portions of the Report and Recommendations objected to and reviewed the remainder for plain error, the Court is satisfied that Judge Parker has issued a thorough opinion. Accordingly,

    IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendations is hereby ADOPTED.

    FURTHER ORDERED that the Plaintiff's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED.

    FURTHER ORDERED that the Motion for Preliminary Injunction is DENIED.

    SO ORDERED this the 2nd day of September 2015.

                                          s/David Bramlette
                                          UNITED STATES DISTRICT JUDGE