IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JORGE LUIS PACHECO**                                                            **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 5:14cv88-DCB-MTP**

**CORRECTIONS CORPORATION OF AMERICA (CCA)**            **DEFENDANT**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the Motion for Summary Judgment [40] filed by the Defendant Corrections Corporation of America ("CCA"). Having reviewed the submissions of the parties and the applicable law, the undersigned recommends that the Motion [40] be granted, and this action be dismissed with prejudice.

## BACKGROUND

On October 14, 2014, Plaintiff Jorge Luis Pacheco, proceeding *pro se,* filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff's allegations arise from events which occurred while Plaintiff was a post-conviction inmate at the Adams County Correctional Center ("ACCC").[1]

The only remaining Defendant in this action is CCA.[2] In his complaint, Plaintiff alleges that he received inadequate medical care from various doctors and medical staff while incarcerated at ACCC which is run by CCA. Specifically, Plaintiff claims that he suffers from a type of syphilis and that Defendant CCA treated his condition incorrectly. Plaintiff asserts that he requires specific blood tests and spinal taps to monitor his condition, but that only urine tests and a chest x-ray were taken. Plaintiff concedes that he received treatment in the form of a CT scan,

---

[1] Plaintiff was released from ACCC in 2015 and filed a notice of change of address indicating he is now located in Corpus Christi, Texas. *See* [34]
[2] The other defendants in this case were dismissed without prejudice due to Plaintiff's failure to perfect service of process. *See* Order [20].

penicillin, and other medication, but argues that he should have been provided more and/or different medication. Plaintiff states that his symptoms continued to worsen while incarcerated at ACCC. Plaintiff requests monetary damages in the amount of $20,000,000 and proper treatment for his syphilis condition.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or

2

immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

First, Plaintiff has not alleged a policy, custom or practice that would subject CCA to liability. "[P]rivate prison-management companies and their employees are subject to § 1983 liability because they are performing a government function traditionally reserved to the state." *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). It is well-settled that Section 1983 does not "create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A privately managed prison cannot be vicariously liable under a theory of respondeat superior for constitutional violations of its employees. *See Olivas v. Corr. Corp. of Am.*, 215 F. App'x 332, 333 (5th Cir. 2007). CCA, the only remaining defendant in the case, is a prison management company.

> "[A] private corporation performing a government function is liable under § 1983 only if three elements are found. The first is the presence of a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury. Second, the corporation must have an official custom or policy which could subject it to § 1983 liability. And third, a claimant must demonstrate that the corporate action was taken with the requisite degree of culpability, and show a direct causal link between the action and the deprivation of federal rights."

*Olivas v. Corr. Corp. of Am.*, 408 F. Supp. 2d 251, 255 (N.D. Tex. 2006), *aff'd sub nom. Olivas v. Corr. Corp. of Am.*, 215 F. App'x 332 (5th Cir. 2007)(citations omitted). The Supreme Court has held that in order to establish liability under Section 1983, a plaintiff must prove that a policy, custom or practice of an entity was the "moving force" behind the constitutional

3

violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff has failed to allege, much less demonstrate that CCA implemented a policy, custom or practice that was the "moving force" behind the alleged constitutional violation, thus his claim should be dismissed. *See id.*

Furthermore, the record indicates that medical officials at ACCC provided constitutionally adequate medical treatment to Plaintiff. "Prison officials violate the [Eighth Amendment] constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Prison officials may not be held liable under this standard pursuant to Section 1983 unless the inmate alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id.* at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference,

which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

The record before the court shows that prison officials provided Plaintiff with medical care. In Plaintiff's complaint, he alleges he saw doctors on multiple occasions and that they ran tests on him, but that those were not the correct tests to run. He also alleges he was receiving medication, but was not receiving the proper dosage. He alleges he specifically requested a spinal tap test, and Defendant did not conduct one. The medical records submitted by the Defendant indicate that Plaintiff was seen by doctors because of his belief that he had neurosyphilis. Notes from a doctor visit indicate Plaintiff was tested for syphilis; the doctor noted that "[Plaintiff] denied a willingness to accept that he does not have the disease despite reviewing the multiple tests and treatment that have been provided by the facility. . . . He obsesses over some limited information he has printed out from the internet regarding common symptoms and courses of treatment . . . [A] [c]hart review notes that his concerns have been reviewed by both physicians and the health administrator on various occasions." Medical Record [40-2] at 1.

Furthermore, the affidavit of ACCC Clinical Supervisor Neely Greene, submitted by Defendant states that on August 28, 2015, Plaintiff "was given a lumbar spinal tap" by an outside

provider, and that Plaintiff was told on October 9, 2015, that the test was negative for syphilis. *See* [40-1] at 1. The medical record indicates that Plaintiff did not believe the results of this test, stating that, "He feels that the lumbar puncture tested the wrong fluid and that he feels that he does have neurosyphilis." *Id*. at 2.

Plaintiff has not submitted evidence "that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Davidson*, 91 Fed. App'x at 965. Furthermore, Plaintiff's disagreement with his medical treatment does not state a claim for Eighth Amendment indifference to medical needs." See *Norton,* 122 F.3d at 292.

In summary, Plaintiff has not alleged that CCA implemented a policy, custom or practice that was the "moving force" behind the alleged constitutional violation, and Plaintiff's disagreement with his provided medical treatment does not rise to the level of a constitutional violation on the part of CCA; therefore, this case should be dismissed.

## **RECOMMENDATION**

For the reasons stated above, the undersigned recommends that that Defendant's Motion for Summary Judgement [40] be granted and that this action be dismissed with prejudice.

## **RIGHT TO OBJECT**

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court

with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of October, 2016.

>s/ Michael T. Parker
>United States Magistrate Judge